UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASON MANAGEMENT, LLC,<br>    105 Affinity Lane<br>    Buffalo, NY 14215<br>KEN-VIL ASSOCIATES LIMITED<br>PARTNERSHIP d/b/a KENSINGTON<br>VILLAGE APARTMENTS,<br>    105 Affinity Lane<br>    Buffalo, NY 14215<br>CVMAR I LLC d/b/a COLLEGIATE<br>VILLAGE,<br>    105 Affinity Lane<br>    Buffalo, NY 14215<br>CVMAR II LLC d/b/a COLLEGIATE<br>VILLAGE,<br>    105 Affinity Lane<br>    Buffalo, NY 14215<br>                              Plaintiffs,<br>- v -<br><br>FEDERAL INSURANCE COMPANY,<br>    202B Halls Mill Road<br>    Whitehouse Station, NJ 08889<br>                              Defendant. | <u>COMPLAINT</u><br><br>Civil Action No.  <u>  23-cv-664  </u><br><br>*Presiding Judge to be determined upon judicial assignment*<br><br>JURY TRIAL DEMANDED |

Plaintiffs Chason Management, LLC ("Chason"), Ken-Vil Associates Limited d/b/a Kensington Village Apartments ("Ken-Vil"), CVMAR I LLC d/b/a Collegiate Village ("CVMAR I"), and CVMAR II LLC d/b/a Collegiate Village ("CVMAR II") (collectively as "Plaintiffs") by and through their attorneys, Duke Holzman Photiadis & Gresens LLP, as and for their Complaint against Defendant Federal Insurance Company ("Federal" or "Defendant"), state and allege as follows:

INTRODUCTION

1. The instant matter arises from: (a) contracts of insurance entered into between Plaintiffs and Defendant; and (b) Defendant's breach of those insurance contracts by failing to provide full and complete coverage benefits, pursuant to the terms therein, for a wind loss on December 25, 2022.

PARTIES

2. Chason is a limited liability company organized under the laws of New York with its principal place of business located in the State of New York, County of Erie.

3. Ken-Vil is a limited partnership organized under the laws of New York with its principal place of business located in the State of New York, County of Erie.

4. CVMAR I is a limited liability company organized under the laws of New York with its principal place of business located in the State of New York, County of Erie.

5. CVMAR II is a limited liability company organized under the laws of New York with its principal place of business located in the State of New York, County of Erie.

6. Upon information and belief, Federal was and is an insurance company organized under the laws of the State of Indiana, with its principal office located at 202B Halls Mill Road, Whitehouse Station, NJ 08889, and is duly authorized to transact insurance business in the State of New York.

JURISDICTION AND VENUE

7. This Court has jurisdiction over this action based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a) because (i) the matter in controversy exceeds the sum or value of $75,000.00 and (ii) is between citizens of different States.

8.      Plaintiffs are New York companies organized under the laws of New York with their principal place of business in Cheektowaga, New York, at the address identified above.

9.      Defendant is an Indiana corporation organized under the laws of Indiana with its principal place of business in Whitehouse Station, New Jersey, at the address identified above

10.     Personal jurisdiction exists over Defendant because Defendant conducts business in the State of New York and in this District, has caused and continues to cause damage to Plaintiffs in this District, and/or otherwise avails itself of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

11.     Venue is proper in this District under 28 U.S.C § 1391(b) because (i) Defendant conducts business in this District, (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District, and (iii) Defendant caused damage to Plaintiffs in this District.

## FACTS

I.      THE POLICY

12.     At all relevant times, Plaintiffs owned and operated their business at certain real property located on Affinity Lane, Cheektowaga, New York 14215 (the "Premises").

13.     Defendant issued and delivered to Plaintiffs an insurance policy bearing the policy number D97380880 001, inclusive of any and all iterations, renewals, reinstated versions, or other versions of the referenced policy (the "Policy").

14.     The Policy was issued in consideration of a premium which was paid to, and received and retained by, Defendant.

15.     The Policy covered certain losses occurring between December 1, 2022, through December 1, 2023 (the "Policy Period").

16. Plaintiffs are identified in the Policy as "Named Insureds."

17. The Policy provides property casualty insurance coverage for various causes of loss or damage, including without limitation, damage due to wind and water for the Premises and business interruption.

II. <u>THE LOSS</u>

18. On or about December 25, 2022, the Premises was damaged by wind due to a severe winter storm (the "Loss").

19. Specifically, a wind event caused damage to the vents located on the roof of the Premises and created openings, whereafter snow blew into the vents causing further water damage inside the Premises.

20. The Loss date fell within the Policy Period.

21. Plaintiffs and/or their representatives promptly reported the Loss to Defendant.

22. At all relevant times after the Loss, Defendant had access to the Premises, with full opportunity to inspect the Premises.

23. Defendant retained an independent adjuster, Advanced Adjustment Service, Inc., ("AAS"), which inspected the Premises on February 2, 2023.

24. Defendant then engaged an engineering firm, Encorus Group ("EG"), which inspected the Premises on March 1, 2023.

25. Plaintiffs timely complied with all requests made by Defendant and satisfied all conditions necessary to afford coverage under the Policy.

26. Nonetheless, Defendant failed and refused to provide coverage for the Loss.

27. Defendant's failure constitutes a breach of the Policy.

28. Plaintiffs suffered damages as a result of Defendant's wrongful conduct.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
(Damage to the Building)

29. Plaintiffs repeat and reallege the allegations set forth above with the same force and effect as if fully set forth hereafter and incorporated herein.

30. Plaintiffs suffered damage to the dwelling due to a loss covered under the Policy.

31. Defendant has a duty under the Policy to provide coverage for damages to the dwelling arising from the Loss.

32. Plaintiffs duly notified Defendant of the claim for damages to the dwelling.

33. Under the Policy, Defendant has a duty to provide coverage for damage to the buildings at the Property arising from the Loss, including without limitation: Actual Cash Value and/or Replacement Cost.

34. Defendant has failed and refused to make full and complete payments to Plaintiffs for the damage to the Premises as a result of the Loss pursuant to the terms of the Policy, which constitutes a breach of the Policy.

35. Defendant's conduct has been dilatory and unreasonable.

36. Defendant's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment for the insurance benefits to which they are entitled.

37. Plaintiffs have been damaged by Defendant's wrongful conduct, including without limitation suffering extra-contractual consequential damages as a result of Defendant's failure to act promptly and in good faith.

38. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to judgment against Defendant in an amount to be determined at trial, which exceeds all jurisdictional limits, plus interest.

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
(Loss of Use Damages)

39. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

40. Defendant has a duty under the Policy to provide coverage for loss of use damages as a result of the Loss.

41. Plaintiffs suffered, and continue to suffer, loss of use damages as a result of the Loss and duly notified Defendant of the same.

42. Upon information and belief, Plaintiffs' damages exceed the policy limit for loss of use coverage.

43. Defendant failed and refused to make full and complete payments to Plaintiffs for loss of use damages pursuant to the terms of the Policy, which constitutes a breach of the Policy.

44. Defendant's conduct has been dilatory and unreasonable.

45. Defendant's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment for the insurance benefits to which they are entitled.

46. Plaintiffs have been damaged by Defendant's wrongful conduct, including without limitation suffering extra-contractual consequential damages as a result of Defendant's failure to act promptly and breach of its duty and obligation of good faith and fair dealing.

47. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to judgment against Defendant in an amount to be determined at trial, which exceeds all jurisdictional limits, plus interest.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
(Extra-Contractual Consequential Damages)

48. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

49. Defendant's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment of the insurance benefits to which they are entitled.

50. Defendant breached its duty and obligation of good faith and fair dealing in its handling of the Loss.

51. Defendant improperly delayed and failed to make full payment for Plaintiffs' insurance proceeds relating to damage to the dwelling and loss of use damages.

52. Defendant's failure to pay insurance benefits through the present has, at the least, been in reckless and/or grossly negligent disregard of Defendant's obligations under the Policy.

53. As a result of Defendant's breach of contract and other wrongful conduct, Plaintiffs have suffered damages and difficulties in their efforts to mitigate the damage caused by the Loss and Defendant's failure to pay coverage under the Policy.

54. It was reasonably foreseeable and contemplated by the parties, both at the time the Policy was issued and/or renewed, that the failure to promptly provide coverage and pay the insurance benefits under the Policy would negatively and adversely affect Plaintiffs and their assets.

55. Plaintiffs have been damaged by Defendant's wrongful conduct, including that they have sustained foreseeable extra-contractual consequential damages.

56. As a result of Defendant's conduct, Plaintiffs were deprived of the ability to repair and/or replace the Premises after the Loss. Thus, the extra-consequential consequential damages

sustained by Plaintiffs as a result of Defendant's failure and/or refusal to pay for the damages to the Property include, but are not necessarily limited to, mitigation related expenses, the continuing costs of paying for the Premises despite it being uninhabitable due to the Loss and amounts over the Policy's business income and loss of use limit of coverage that have been or will be incurred by Plaintiffs by, at, or after the time of trial.

57. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to judgment against Defendant in an amount to be determined at trial, which exceeds all jurisdictional limits, plus interest.

## CONCLUSION

WHEREFORE, Chason Management LLC, Ken-Vil Associates Limited d/b/a Kensington Village Apartments, CVMAR I LLC d/b/a Collegiate Village, and CVMAR II LLC d/b/a Collegiate Village respectfully request that this Court enter judgment against Defendant Federal Insurance Company, and enter an Order:

1. On the First Cause of Action, granting judgment in an amount to be determined at trial, plus interest;

2. On the Second Cause of Action, granting judgment in an amount to be determined at trial, plus interest;

3. On the Third Cause of Action, granting judgment in an amount to be determined at trial, plus interest; and

4. Granting such other and further relief as the Court deems just and proper.

- 9 -

Dated: Buffalo, New York
July 7, 2023

                                DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By:   s/ *Christopher M. Berloth*
       Christopher M. Berloth
       Kristine N. Celeste
       Derick R. White
       *Attorneys for Plaintiffs*
       701 Seneca Street, Suite 750
       Buffalo, New York 14210
       Tel: (716) 855-1111
       cberloth@dhpglaw.com
       kceleste@dhpglaw.com
       dwhite@dhpglaw.com